UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHEROD HASTINGS MAIR, II, | : |
| Plaintiff, | : Civ. No. 15-8119 (KM) (JBC) |
| v. | : |
| DAVE P. HICKSON, et al., | : OPINION |
| Defendants. | : |

### KEVIN MCNULTY, U.S.D.J.

### I.  INTRODUCTION

According to the Complaint, the Plaintiff, Sherod Hastings Mair, II, is detained at FCC Allenwood in White Deer, Pennsylvania, following a finding that he was not guilty of a criminal offense by reason of insanity. He is proceeding *pro se* with a civil rights complaint. Mr. Mair's[1] application to proceed *in forma pauperis* will be granted and the Clerk will be ordered to file the complaint.

The Court must now review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the federal *Bivens* and § 1983 claims will be dismissed with prejudice.

### II.  BACKGROUND

The allegations of the complaint are taken as true for purposes of this Opinion. Mr. Mair's complaint names as defendants the following persons: (1) Dave P. Hickson; (2) Gordon

---

[1] "Mr. Mair," unless otherwise specified, refers to the plaintiff, Sherod Hastings Mair, II.

M. Mair; and (3) Thelma Mair. The complaint alleges that Thelma Mair molested Mr. Mair beginning when he was five years old in 1972, and again in 1994. The complaint alleges that Dave P. Hickson raped Mr. Mair in 1988, and that Gordon Mair molested him in 1994. Mr. Mair alleges that Thelma Mair was involved, and that he was drugged in connection with these alleged assaults. He requests that this Court send the three defendants to jail and seeks $20,000 in damages.

### III.   LEGAL STANDARDS

Mr. Mair's complaint, although submitted on the form for a civil rights complaint, does not indicate whether he is seeking to bring his claims against the defendants under 42 U.S.C. § 1983, or under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). For present purposes, the distinction is unimportant. Section 1983 is used to bring constitutional claims against state officers; *Bivens* is a parallel means of bringing constitutional claims against federal officers. *See Walker v. Zenk*, 323 F. App'x 144, 145 n.1 (3d Cir. 2009) (per curiam) (citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)). They are interpreted and applied similarly. *See Collins v. F.B.I.*, No. 10–3470, 2011 WL 1627025, at *6 (D.N.J. Apr.28, 2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought against state officials' and thus the analysis established under one type of claim is applicable under the other.") (internal quotation marks and citations omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party

> injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). Under *Bivens*, the federal counterpart to section 1983, a plaintiff must allege (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law.

Under the Prison Litigation Reform Act, Pub.L. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F.

App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### IV.   DISCUSSION

#### A. Section 1983 & *Bivens*

"To establish a claim under § 1983, a plaintiff 'must establish that she was deprived of a federal constitutional or statutory right by a *state actor*.'" *Frierson v. St. Francis Med. Ctr.*, 525 F. App'x 87, 90 (3d Cir. 2013) (quoting *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009)) (emphasis added); *see also Veggian v. Camden Bd. of Educ.*, No. 05-0070, 2007 WL 2900413, at *3 (D.N.J. Oct. 2, 2007) ("It is well-established that in order to maintain a § 1983 claim for an alleged constitutional violation, it must be brought against a 'state actor.'") (citations omitted).

By extension, a *Bivens* claim can be brought only against a federal official, not a purely private party. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) ("The purpose of *Bivens* is to deter individual federal officers from committed constitutional violations.") (citations omitted); *see also Robertson v. Exec. Dir. Brain Inst. Geisinger Med. Ctr.*, 578 F. App'x 76, 77 (3d Cir. 2014) ("It is well-settled that a *Bivens* action can only be brought against federal officials, not private entities.") (citations omitted); *Michtavi v. Scism*, No. 12-1196, 2013 WL 371643, at *3 (M.D. Pa. Jan. 30, 2013) (dismissing *Bivens* claim with prejudice against private individual since he is not amenable to suit under *Bivens*); *Valentazas v. U.S.P. Health Care Servs. Adm'r*, No. 07-1255, 2008 WL 1745659, at *3 (M.D. Pa. Apr. 11, 2008) ("It is well-established that Plaintiff may not assert a *Bivens* claim against a private individual as such actions are reserved for seeking damages for unconstitutional conduct by federal officials.") (citation omitted).

The complaint contains no allegations that the three defendants acted on behalf of the state or federal governments. The nature of the allegations makes it highly implausible that they committed these alleged wrongs as state or federal officers. And private parties, not acting for the state or federal government, are not proper defendants under § 1983 or *Bivens*.[2]

To the extent it seeks to allege a § 1983 or *Bivens* claim against private individuals, the complaint must be dismissed with prejudice for failure to state a claim upon which relief may be granted. No other cause of action or basis for federal jurisdiction is suggested or alleged.

---

[2] The complaint leaves blank the space for identifying each defendant's state or federal position; I interpret that as an admission. In an abundance of caution, however, I will entertain a motion for reconsideration, filed within 14 days, identifying any state or federal position any defendant may have held when perpetrating these alleged acts. I note also that a private person may become a state actor by virtue of conspiring with a state actor. *See Adams v. Cnty. of Erie, Pa.*, 558 F. App'x 199, 203 (3d Cir. 2014) (citing cases). Here, too, no state or federal actor is identified at all, and the nature of the allegations makes it unlikely that there would be one. Again, I would entertain a motion for reconsideration, filed within 14 days, in which the plaintiff named such a federal or state coconspirator.

B. <u>Initiation of Criminal Proceedings</u>

I liberally interpret Mr. Mair's request that the three defendants be sent to jail as his attempt to have the Court initiate criminal proceedings against the defendants. The authority to institute criminal proceedings, however, does not lie with this Court. "'[T]his Court is without authority to institute any criminal proceedings on [p]laintiff's behalf, since [i]t is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person.'" *Alfred v. New Jersey*, No. 13-0332, 2014 WL 2559111, at *3 (D.N.J. June 6, 2014) (quoting *Abdullah v. New Jersey*, No. 12-4202, 2012 WL 2916738, at *7 (D.N.J. July 16, 2012)) (remaining citation omitted); *see also Anderson v. Soper*, No. 15-0055, 2015 WL 273650, at *2 (D.N.J. Jan. 22, 2015) ("The court has no authority to instigate a criminal prosecution; this is an exclusive function of the prosecutor.") (citations omitted); *Pilkey v. Nash*, No. 05-5419, 2006 WL 1797192, at *1 (D.N.J. June 26, 2006) ("A private plaintiff cannot force a criminal prosecution because 'the authority to initiate a criminal complaint rests exclusively with state and federal prosecutors.'") (quoting *Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996)) (remaining citations omitted).

To the extent that the complaint seeks to have the Court initiate criminal charges, then, it is dimissed with prejudice.

## V.   CONCLUSION

For the foregoing reasons, Mr. Mair's federal *Bivens* and § 1983 claims are dismissed with prejudice. An appropriate Order will be entered.

DATED: November 23, 2015

_____
KEVIN MCNULTY
United States District Judge

6